WENDY M. KRINCEK, ESQ., Bar # 6417
MARCUS B. SMITH, ESQ., Bar # 12098
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Telephone: 702.862.8800
Fax No.: 702.862.8811
Email: wkrincek@littler.com
mbsmith@littler.com

Attorneys for Defendants
Dreamdealers USA, LLC d/b/a Exotics Racing,
David Perisset, and Roman Thievin

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD B. DOUGLAS, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> DREAMDEALERS USA, LLC d/b/a EXOTICS RACING, A Nevada limited liability company, DAVID PERISSET, an individual, and ROMAN THIEVIN, an individual, <br><br> Defendant. | Case No. 2:17-cv-02134-APG-PAL <br><br><br> **STIPULATED PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED AND AGREED** by and between Defendants DREAMDEALERS USA LLC DBA EXOTICS RACING, DAVID PERISSET and ROMAN THIEVIN ("Defendants"), by and through their counsel of record, and Plaintiff EDWARD B. DOUGLAS ("Plaintiff"), by and through his counsel of record, that the following Protective Order (the "Order") should be entered in this matter, as a matter of good cause, in order to facilitate the exchange of information and documents which may contain material of a confidential, trade secret, or proprietary nature:

/ / /

/ / /

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, but only to those designated as such, in accordance with this Order. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not automatically entitle them to file confidential information under seal; Local Rule IA 10-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

 1.1 <u>No Admission.</u>  The designation by a Disclosing Party of material as Confidential Information or Protected Material is intended solely to facilitate the preparation and resolution of this Action. Such designation is not an admission by any Party that the designated disclosure constitutes or contains any Confidential Information or Protected Material. Disclosure of Confidential Information or Protected Material is not a waiver of any right of the Receiving Party to object to admissibility.

2. **DEFINITIONS**

 2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

 2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including, but not limited to, non-public financial or tax information and information related to business plans and operations.

 2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

///

///

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8 House Counsel: attorneys who are either employees of a party to this action or retained by a party to this action, but are not Outside Counsel of Record in this matter.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 Party and/or the Parties: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

3.

Material in this action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material, including but not limited to those included in discovery responses and requests, motion papers, including responses and replies; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material or which reproduce, paraphrase, summarize, or otherwise contain Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party, as a result of publication or disclosure not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

  5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

  Mass, indiscriminate, or routinized designations are discouraged. Designations that are adjudicated as clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions, pursuant to the Court's discretion.

  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or amending the mistaken designation.

  5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

5.

Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

///
///

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other Parties and Non-Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties or Non-Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

         protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

        (c)    <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely notice of correction of a designation, the Receiving Party must assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time, and a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been

8.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in telephonic or in-person verbal dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3  **Judicial Intervention**. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion to challenge the confidentiality designation under Local Rule 7-2 within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

Any motion brought pursuant to this provision must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph, and in compliance with Local Rule IA 1-3(f). Failure by the Challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the objection to the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the moving Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the moving Party to sanctions. The confidential designation of the information shall continue, pending the resolution of any such challenge.

9.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, employees, and House Counsel, as well as employees of said House Counsel, of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    the court and its personnel;

    (e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f)    during their depositions, witnesses in the action to whom disclosure is

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, employees, and House Counsel, as well as employees of said House Counsel, of the Receiving Party to whom disclosures is reasonably necessary for this litigation;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.4(a), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

custodian or other person who otherwise possessed or knew the information.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Confidential Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.   MISCELLANEOUS**

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future, provided the moving party has a good-faith basis for doing so.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule IA 10-5.  If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

14.

IA 10-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Local Rule IA 10-5 unless otherwise instructed by the Court.

12.4  Late Joinder to this Stipulation. Any Party to the proceeding who has not executed this Order as of the time that it was presented to the Court for signature may thereafter become a party to this Order by submitting an executed copy of this Order to the Court, and serving copies of such executed copy upon the Parties to this Order.

**13.  FINAL DISPOSITION**

Within 45 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 45-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Dated: July 10, 2018

Respectfully submitted,

/s/ Dustin L. Clark
DUSTIN L. CLARK, ESQ.
CLARK LAW COUNSEL PLLC

Attorney for Plaintiff

Dated: July 10, 2018

Respectfully submitted,

/s/ Marcus B. Smith
WENDY M. KRINCEK, ESQ.
MARCUS B. SMITH, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendants

**ORDER**

**IT IS SO ORDERED.**

Dated: July 12, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

Firmwide:155527016.1 087825.1002

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

16.

# **<u>Exhibit Index</u>**

A Acknowledgement and agreement to be bound

# EXHIBIT A

Acknowledgement and agreement to be bound

# EXHIBIT A

# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ have read the Protective
         (Print Name and Address)

Order entered in *Douglas v. Dreamdealers USA, LLC et al.*, Case No.: 2:17-cv-02134-APG-PAL, in its entirety and agree to comply with all its terms. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I acknowledge that a violation of this Order shall entitle parties to seek both legal and equitable remedies against me. I submit to the jurisdiction of the United States District Court for the State of Nevada, and the Judge assigned to the this matter, for resolution of any and all disputes arising under the Order and this Acknowledgment and Agreement to be Bound.


Date          _____

Name          _____

Signature     _____